NORMAN S. HAYES, APPELLANT, v. ADAMS EXPRESS COMPANY, RESPONDENT.

Submitted July 7, 1905—Decided November 13, 1905. ·

On delivery to a common carrier a drop-curtain of ordinary character and value, the shipper received as a voucher therefor an instrument in which it was stated that when the shipper omits to declare the value of the goods he agrees that the value does not exceed $50. *Held*, that the responsibility of the carrier for the real value in case of loss was not thereby restricted, unless the shipper had knowledge of the stipulation, and his knowledge that the carrier's charges depend on the value of the goods is not sufficient to render the limit of liability obligatory.

On appeal from District Court of Elizabeth.

Before Justices DIXON and SWAYZE.

For the appellant, *Patrick H. Gilhooly.*

For·the respondent, *Conover English* and *Robert H. Mc-Carter.*

The opinion of the court was delivered by

DIXON, J. On April 2d, 1904, the plaintiff's employe delivered to the defendant's agent in Elizabeth a drop-curtain consigned to Syracuse, and received from the agent a document on which were written the names of the shipper and consignee and a description of the article shipped. The document also contained in print many terms and conditions, to which, it declared, the shipper agreed, and among them, one to the effect that if no value of the goods was declared, the value did not exceed fifty dollars. Nothing was then said by either the employe or the agent about the value of the curtain or the contents or nature of the document. The curtain should have reached Syracuse within three days, but no tidings of its whereabouts since shipment appear.

In an action brought in the Elizabeth District Court to re-

cover compensation for its loss, the plaintiff produced evidence tending to show that the curtain was worth $300, and the defendant relied on the terms of the document to bar a recovery for more than $50. On this issue the judge instructed the jury that the only point was whether the plaintiff knew that the defendant's rates depended on the value of the goods; if he did, the verdict in his favor should be for $50 only; but if he had no reason to know that the rates depended on value, then the verdict should be for $300. On this charge the jury awarded the plaintiff $50, and he now appeals to this court.

At common law, of course, the defendant, being a common carrier, would be responsible for the actual value. The weight of authority in this country is to the effect that, in order to lessen the responsibility of a common carrier, it must appear that the shipper assented to the restriction, and that, in general, a declaration of limited liability made by the carrier in a public advertisement or in a receipt handed to the shipper will not suffice to bind the latter to the limitation so declared. We approve of the views on this subject expressed by Mr. Justice Nelson, in *New Jersey Steam Navigation Co.* v. *Merchants' Bank,* 6 *How.* 344, 382, and by Mr. Justice Davis, in *Railroad Company* v. *Manufacturing Company,* 16 *Wall.* 318, 328.

It has, however, sometimes been held that an exception to this general rule should exist in regard to the value of the goods shipped; that because of the comparatively slight means of knowledge as to value possessed by the carrier, the shipper should assume that the carrier has fixed a limit to his liability on this point, unless he is expressly charged with a specified liability, and on this assumption the shipper assents to the limitation in all cases where his dissent is not shown. Such a doctrine is said to be necessary to secure fair dealing. But it is undoubtedly a departure from the rule of the common law, and in both of the constitutions adopted in this state it was declared that the common law should remain in force until altered by the legislature. This part of the common law which relates to the responsibility of the carrier has always been regarded by our courts as embraced in our system of jurisprudence. Thus, in *New Jersey Railroad and Trans-*

*portation Co.* ads. *Pennsylvania Railroad Co.,* 3 *Dutcher* 100, this court adjudged that "where a common carrier undertakes to transport an article in the line of his business, the legal presumption is that he does it subject to his common law liability, and this presumption remains until it is overcome by positive proof of a special agreement." We are unable to see on what principle this feature of the common law can be abrogated by the judiciary. Where unfair dealing actually appears the courts may, in harmony with the law, afford an appropriate remedy, but for other cases the suggestion that the law might be improved calls for the intervention of the legislature alone.

The circumstances of the case now in hand disclose no unfair dealing. The nature of the article shipped was known to the carrier, and its value does not appear to have been abnormal. The shipper therefore had the right to assume, in the absence of notice to the contrary, that the carrier would form his own judgment as to its value, so far as was necessary for the fixing of his compensation, without attempting to restrict his responsibility under the general law. There was evidence from which the jury might have inferred that the plaintiff knew and assented to the defendant's limitation of value, and if the matter had been submitted to the jury on that question a determination against the plaintiff would have been legal. But the question presented by the judge was quite different. It required the jury to find merely knowledge on the part of the plaintiff that the defendant's charges depended on the value of the goods shipped. Every person who thinks intelligently must know so much, for, of course, as the carrier's responsibility varies with the value, so should his compensation. But such knowledge in a shipper by no means justifies an inference that if he does not declare the value of the goods he assents to a limitation of value fixed by the carrier.

The exceptions taken by the plaintiff at the trial properly present for review this portion of the charge, and therefore the judgment should be reversed and the cause remitted to the District Court for a new trial.